Case 4:18-cv-04016 Document 26 Filed on 09/19/19 in TXSD Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
September 19, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY AND RSUI INDEMNITY COMPANY, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-4016 |
| AJ CONSTRUCTORS, INC., et al., | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION**

Pending before the court[1] is Defendants Woodsboro Farmers Cooperative ("Woodsboro") and E.F. Erwin, Inc.'s ("Erwin") Motion to Dismiss (Doc. 13). The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS** Defendants' motion.

### I. Case Background

Plaintiffs filed this suit seeking a declaratory judgment that they are not required to indemnify Defendants AJ Constructors, Inc. ("AJC"), and Erwin for damages awarded against them in a state court lawsuit filed by Defendant Woodsboro (the "Woodsboro Lawsuit").

Plaintiff Landmark American Insurance Company ("Landmark") issued a general liability policy to AJC with an effective period

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. See Doc. 23, Ord. Dated Mar. 18, 2019.

of October 28, 2012, to October 28, 2013.² Plaintiff RSUI Indemnity Company ("RSUI") issued a commercial excess liability policy to AJC with the same effective period.³ Both policies were cancelled on May 31, 2013.⁴

On March 1, 2013, Erwin entered into an agreement with Woodsboro to construct two grain silos at Woodsboro's grain-handling facility.⁵ On March 2, 2013, Erwin and AJC entered into a subcontract agreement obligating AJC to construct the silos.⁶ The silos were completed on November 1, 2013, but the work was allegedly defective.⁷

On November 25, 2013, Woodsboro and Erwin entered into an addendum to their contract.⁸ Per the addendum, Erwin was obligated to remedy a specific list of defects with the silos.⁹ Erwin was purportedly unable to remedy those defects and the Woodsboro Lawsuit was filed against Erwin on August 29, 2014, in Texas state court.¹⁰ At some unspecified time, AJC was added to the the

---

² See Doc. 1, Pls.' Compl.
³ See id. pp. 3-4.
⁴ See id.
⁵ See id. p. 4.
⁶ See id.
⁷ See id.
⁸ See id. p. 5.
⁹ See id. pp. 5-6.
¹⁰ See Doc. 13, Defs.' Mot. to Dismiss p. 2.

Woodsboro Lawsuit by Erwin.[11]

On May 8, 2017, the state court sent the Woodsboro Lawsuit to arbitration.[12] On October 10, 2018, the arbitration panel entered its final award in the Woodsboro Lawsuit.[13] The arbitration panel awarded damages against Erwin in favor of Woodsboro and against AJC in favor of Erwin.[14]

On October 24, 2018, Landmark and RSUI (collectively, the "Plaintiffs") filed this lawsuit against Erwin, AJC, and Woodsboro, seeking a declaratory judgment that they do not have to indemnify either Erwin or AJC for damages awarded in the Woodsboro lawsuit.[15] On December 21, 2018, in lieu of an answer, Erwin and Woodsboro filed their pending motion to dismiss, arguing that this declaratory action is not ripe for a decision and should be dismissed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1).[16] Also on December 21, 2018, Woodsboro filed a motion to confirm the arbitration award in state court.[17]

On January 4, 2019, Plaintiffs filed a response to the motion

---

[11] See Doc. 1, Pls.' Compl. p. 6.

[12] See Doc. 13, Defs.' Mot. to Dismiss p. 2.

[13] See Doc. 1, Pls.' Compl. p. 7.

[14] See id. pp. 7-8.

[15] See id. pp. 9-25.

[16] See Doc. 13, Defs.' Mot. to Dismiss.

[17] See Doc. 13-2, Ex. 2 to Defs.' Mot. to Dismiss, Mot. to Confirm Arbitration Award.

to dismiss.[18] On January 11, 2019, Erwin and Woodsboro filed a reply in support of their motion to dismiss.[19] On January 16, 2019, Erwin and Woodsboro filed a supplement to their motion to dismiss.[20] On January 17, 2019, Plaintiffs filed a supplemental response to the motion to dismiss.[21]

On September 12, 2019, the court held a status conference to determine the status of the motion to confirm the arbitration award. At the hearing, the parties represented that the confirmation of the arbitration award was continued by the state court until approximately June 2020, and the case was sent back to the arbitration panel for the panel to consider modifying the amount of fees awarded. The parties also represented that a modification of the fees was the only issue remaining and that there was no reason that the arbitration award would not be confirmed after the arbitration panel's resolution of the fees issue.

## II. Legal Standard

Pursuant to Rule 12(b)(1), dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), 12(h)(3). The party asserting

---

[18] See Doc. 15, Pls.' Resp. to Defs.' Mot. to Dismiss.

[19] See Doc. 16, Defs.' Reply in Support of Mot. to Dismiss.

[20] See Doc. 17, Defs.' Supp. to Motion to Dismiss.

[21] See Doc. 18, Pls.' Supp. Resp. to Defs.' Mot. to Dismiss.

jurisdiction bears the burden of proof to show that jurisdiction does exist. Gilbert v. Donahoe, 751 F.3d 303, 307 (5th Cir. 2014)(citing Ramming v. United States, 281 F.3d 158, 161 (5th Cir.2001)).

The court may decide a motion to dismiss for lack of jurisdiction on any of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming, 281 F.3d at 161 (citing Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996)). The court, in determining whether it is properly vested with subject matter jurisdiction, is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005)(quoting Montez v. Dep't of Navy, 392 F.3d 147, 149 (5th Cir. 2004)).

### III. Analysis

Defendants Erwin and Woodsboro argue that because the arbitration award has not been confirmed, the court lacks subject matter jurisdiction and this matter should be dismissed under Rule 12(b)(1). Plaintiffs argue that, although the arbitration award has not yet been confirmed, the Woodsboro Lawsuit is substantially completed such that the court may exercise jurisdiction.

"Texas law only considers the duty-to-indemnify question

justiciable after the underlying suit is concluded . . . ." Northfield Ins. Co. v. Loving Home Care, Inc., 363 F.3d 523, 536 (5th Cir. 2004)(citing Farmers Texas County Mut. Ins. Co. v. Griffin, 955 S.W.2d 81, 84 (Tex. 1997)). "[D]istrict courts have discretion to decline to grant relief as to the duty to indemnify under the authorization of the Declaratory Judgment Act." Id. (citing Westport Ins. Corp. v. Atchley, Russell, Waldrop & Hlavinka, L.L.P., 267 F. Supp. 2d 601, 633 (E.D. Tex. 2003)). "[I]n deciding whether to grant declaratory relief, the court must necessarily assess the likelihood that future events will occur, but the court ought not require that those contingencies to have occurred at the time relief is sought . . . ." Venator Group Specialty, Inc. v. Matthew/Muniot Family, LLC., 322 F.3d 835, 839-40 (5th Cir. 2003). "[T]he fact that certain contingencies pertaining to plaintiff's potential liability remain executory at the time of the declaratory suit does not defeat jurisdiction." Id. (citing Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 897 (5th Cir. 2000)). "Instead, the court must assess the likelihood that the contingencies will occur and then determine, 'whether an injury that has not yet occurred is sufficiently likely to happen to justify judicial intervention.'" Id. (quoting Orix Credit Alliance, 212 F.3d at 897).

Based on the articulated standards, the court is left with a difficult decision. On one hand, the arbitration panel still has

6

some amount of control over the Woodsboro Lawsuit and the state court has not confirmed the arbitration panel's award. On the other hand, based on the parties' representations, the arbitration panel is unlikely to modify the arbitration award in a way that affects this declaratory judgment action, and there has been no reason articulated that the state court will not confirm the arbitration panel's award.

Plaintiffs cite two cases they believe are instructive. First, Plaintiffs argue that under Holcim (Texas) Ltd. P'ship v. Fireman's Fund Ins. Co., the court should exercise jurisdiction. 3:05-CV-0270-B, 2006 WL 8437369 (N.D. Tex. Mar. 20, 2006). The Holcim court exercised jurisdiction over a declaratory judgment action where an arbitration panel had entered a final award that was confirmed by the state district court. Id. at *2. However, the state court's confirmation of the arbitration award was on appeal when the Holcim court exercised jurisdiction. Id. The present case is distinguishable from Holcim because the state court has not confirmed the arbitration award and the case has been sent back to the arbitration panel for its consideration of a request to modify its award.

The second case Plaintiffs cite is Sydow v. Acheson & Co., 81 F. Supp. 2d 758 (S.D. Tex. 2000). In Sydow, the plaintiffs entered into an agreement with the defendants wherein they were to assist them in liquidating the defendants' clients' breast implant claims

7

and enforcing all judgments in bankruptcy court. Id. at 761-762. In return, the Sydow plaintiffs were to receive half of the contingency fees the defendants obtained in the class action lawsuit. Id. at 762. A Canadian court approved a $25 million settlement of the claims and a contingency fee arrangement for class counsel. Id. Although the Sydow plaintiffs had already assisted in the lawsuit, the Sydow defendants terminated their agreement to compensate the Sydow plaintiffs. Id.

The settlement and contingency fee arrangement were awaiting confirmation by a bankruptcy court at the time that the Sydow plaintiffs filed their declaratory judgment action. Id. The Sydow court found that exercising subject-matter jurisdiction was proper because a contingency fee was likely to be awarded to the Sydow Defendants who continued to "vehemently deny a contractual obligation to split any portion of the fee with [the Sydow plaintiffs.]" Id. Accordingly, the court found that "an actual, justiciable controversy exist[ed] concerning the parties' rights to the contingency fee award so as to confer subject matter jurisdiction on the Court." Id. at 762-763. Sydow is also distinguishable from the present case because it did not involve an indemnity issue which, under Texas law, is generally only "justiciable after the underlying suit is concluded . . . ." Northfield Ins. Co., 363 F.3d at 536 (citing Farmers Texas County Mut. Ins. Co., 955 S.W.2d at 84).

8

The court could exercise jurisdiction based on the assumptions that the arbitration panel will not modify its decision in a way that affects a potential declaratory judgment and the trial court will confirm that award. However, doing so ignores the risks that: (1) the arbitration panel could change its award in an unexpected way; (2) following the arbitration panel's modification of its final award, confirmation of the award could become less straightforward than the parties currently expect; or (3) some other dispute could arise between the parties prior to the confirmation of the arbitration panel's award. Given these risks, the court finds that it is best to not exercise jurisdiction at this time. Jurisdiction is better exercised when the arbitration panel's award is confirmed by the state court.

The court also declines to grant Plaintiffs' requested alternative relief of staying the case until confirmation of the arbitration award. The parties represented that confirmation of the award was continued by the trial court until at least June 2020. The court finds that it is more appropriate to dismiss the case rather than to stay it for at least nine months.

### IV.  Conclusion

Based on the foregoing, the court **GRANTS** Defendants Woodsboro

9

and Erwin's Motion to Dismiss.[22]

**SIGNED** in Houston, Texas, this 19th day of September, 2019.

_____
Nancy K. Johnson
United States Magistrate Judge

---

[22] Although Defendant AJC has not filed a motion to dismiss, a court may sua sponte raise a motion to dismiss for lack of subject matter jurisdiction at any time. See Perez v. Stephens, 784 F.3d 276, 280 (5th Cir. 2015) (stating that "it is axiomatic that we must consider the basis of our own jurisdiction, sua sponte if necessary"). Accordingly, the court finds that the entire lawsuit should be dismissed.